**UNITED STATES of America,**
**Appellee,**

v.

**Nelson FORQUET, Defendant–**
**Appellant.**

**No. 05–4013–cr.**

United States Court of Appeals,
Second Circuit.

June 2, 2006.

Steven Statsinger, Federal Defenders of New York, Inc., Appeals Bureau (Yuan-chung Lee, of counsel), New York, NY, for Appellant.

Benjamin M. Lawsky, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges, and J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

Nelson Forquet was convicted, after a plea of guilty, of one count of distribution of and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Forquet principally to 151 months' imprisonment. Forquet appealed his sentence. On March 7, 2005, this Court re-

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

manded the case to the district court in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). On remand, the district court decided to resentence Forquet. At a lengthy resentencing hearing held on July 11, 2005, the district court again sentenced Forquet principally to 151 months' imprisonment. Forquet appeals.

The government contends that we lack jurisdiction over Forquet's appeal because Forquet challenges the reasonableness of a sentence that falls within a correctly calculated Guidelines range. This contention is foreclosed by this Court's recent decision in *United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006).

We review Forquet's sentence under a "standard of reasonableness." *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005) (internal quotation marks omitted).

Forquet argues that the district court committed procedural error by "effectively treat[ing] the Guidelines—derived sentence as the presumptively correct one." Appellant's Br. at 35. Although we think that it would indeed likely be error for a district court to treat the Guidelines range, without regard to the other factors set forth in 18 U.S.C. § 3553(a), as presumptively correct, cf. *United States v. Zavala*, 443 F.3d 1165, 1170–71 (9th Cir.2006) (per curiam), it is clear that the district court here considered more than just the Guidelines range in determining what sentence to impose. *See, e.g.*, Resentencing Tr., July 11, 2005, at 13 ("You are too dangerous to cut this sentence down, as far as I can see."). It is equally clear that the district court, deciding to resentence Forquet after a *Crosby* remand, "was well aware of its authority to impose a non-Guidelines sentence." *Fernandez*, 443

F.3d at 33. We conclude that on this record Forquet fails to demonstrate that the district court committed procedural error in its consideration of the Guidelines range.

Forquet next contends that the district court committed procedural error by failing "to consider all of the goals of sentencing" as set forth in 18 U.S.C. § 3553(a). Appellant's Br. at 37. Forquet's argument is without merit. "We have imposed no ... requirement that a sentencing judge precisely identify either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the Guidelines range." *Fernandez*, 443 F.3d at 29; *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

Finally, Forquet asserts that his sentence of 151 months' imprisonment is substantively unreasonable because, among other things, the instant offense involved only a "minuscule quantity of drugs" and he has a "horrific history of childhood abuse and ... affliction with mental disability and illness." Appellant's Br. at 45. There can be no question that Forquet has suffered terrible misfortune, as the district court noted. But as the district court also noted, Forquet has a record of multiple convictions over a period of more than a decade, including attempted robbery, criminal possession of a weapon and criminal sale of a controlled substance. The district court concluded, after "th[inking] long and hard," Resentencing Tr., July 11, 2005, at 12, that notwithstanding Forquet's personal background, because he had "repeated convictions involving drugs, in one case weapons, in another case violence," *id.* at 12–13, it would impose a term of 151 months' imprisonment, the bottom of the applicable Guidelines range. We conclude

that the sentence imposed by the district court is not unreasonable.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.